UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GREGORY BLAKE, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　11-0103-LAB(WVG)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 8)**<br><br>**(2) DIRECTING U.S. MARSHAL TO REATTEMPT SERVICE ON DEFENDANT GREGORY BLAKE** |

　　　　On January 18, 2011, Genghis Khan Ali Stevenson (hereafter "Plaintiff"), a state prisoner currently incarcerated at the Kern Valley State Prison in Delano, California, and proceeding *pro se,* filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. On April 4, 2011, the Court found that the claims in Plaintiff's Complaint were sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service ("USMS") to effect service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

　　　　On the following day, the Clerk issued a summons and prepared an "IFP package," including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each Defendant named in the Complaint, and a copy of the Court's Order granting

1

1 Plaintiff leave to proceed IFP. *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of summons and complaint."); 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(a), (c)(3).

The Summons to Defendant Gregory Blake (hereafter "Blake") was returned unexecuted. According to the USMS, it was informed by the litigation coordinator at Calipatria State Prison that Defendant Blake was retired and therefore not employed at that institution. On May 9, 2011, Plaintiff requested that an attorney be appointed for him so that the appointed attorney could serve Defendant Blake. The Court, DENIES Plaintiff's Motion for Appointment of Counsel, but construes the Motion as a Motion for Assistance In Serving Plaintiff's Complaint on Defendant Blake.

I. **Plaintiff's Motion for Appointment of Counsel is DENIED.**

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1),[1] to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved." Burns, 883 F.2d at 823 (citation omitted); Hedges, 32 F.3d at 1363; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered. Terrell, 935 F.2d at 1017; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

---

[1] 28 U.S.C. § 1915 was substantially amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321-66 to 1321-77 (1996). Section 1915(e)'s counsel provisions were formerly codified at 28 U.S.C. § 1915(d).

1  Here, it appears that plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his Complaint. Plaintiff has not demonstrated "exceptional circumstances" required for the Court to appoint counsel for him. Under these circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel because it is not warranted by the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

II.  **FED.R.CIV.P. 4 Service Rules**

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(3); 28 U.S.C. § 1915(d). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker*, 14 F.3d at 1422 [quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)]. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has

knowledge"). Here, because Plaintiff has not yet been able to ascertain the proper location where Defendant Blake may now be served, he must remedy the situation or face dismissal of his claims against Defendant Blake. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, as long as Defendant Blake's current and/or forwarding addresses can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendant Blake on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs Defendants' attorney to contact the California Department of Corrections' Legal Affairs Division, and provide Defendant Blake's current and/or forwarding address within the California Department of Corrections records or possession, and to forward that address to the USMS in a confidential memorandum.

III.   **Conclusion and Order**

Accordingly, the Court hereby:

1. DENIES Plaintiff's Motion for Appointment of Counsel and ORDERS Defendants' attorney to provide the forwarding addresses for Defendant Gregory Blake to the U.S. Marshal in a *confidential memorandum* indicating that the summonses and Complaint are to be delivered to that address. Defendants' attorney shall provide the U.S. Marshal with any such information on or before June 13, 2011.

Within thirty (30) days of receipt of any available address from Defendants' attorney, the Court ORDERS the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Gregory Blake. All costs of service shall be advanced by the United States pursuant to the Court's April 4, 2011 Order Granting Plaintiff Leave To Proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

IT IS FURTHER ORDERED that the Clerk of the Court provide a copy of: (1) the Court's April 4, 2011 Order; (2) this Order; (3) the Complaint, summons and a blank U.S.

1 | Marshal Form 285 to Defendants' attorney for purposes of re-attempting service as to
2 | Defendant Gregory Blake.
3 |     IT IS SO ORDERED.
4 |
5 | DATED: May 11, 2011

                                      Hon. William V. Gallo
                                      U.S. Magistrate Judge