1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   GENGHIS KHAN ALI STEVENSON,    )  Civil No. 11-0103-LAB(WVG)
                                    )
12                    Plaintiff,    )  ORDER DENYING PLAINTIFF'S
                                    )  MOTION FOR SANCTIONS
13   v.                             )  (DOC. NO. 60)
                                    )
14   GREGORY BLAKE,                 )
                                    )
15                    Defendant.    )
                                    )
16   _____ )

17

18        On December 17, 2012, Plaintiff filed a Motion for Sanctions

19   ("Motion"). On January 7, 2013, Defendant filed an Opposition to the

20   Motion. On January 14, 2013, the Court held a hearing on the Motion.

21   The Court, having reviewed the moving and opposition papers of

22   Plaintiff and Defendant, and having heard oral argument, and GOOD

23   CAUSE APPEARING, HEREBY DENIES Plaintiff's Motion.

24        On September 23, 2011, Plaintiff served on Defendant a

25   Request for Production of Documents seeking, *inter alia*, all written

26   reports and statements about the incident on March 13, 2007 between

27

28

11cv0103

1   8:00 and 9:00 AM[1/] made by Defendant Blake and all written reports

2   and statements made by Defendant Blake in regard to Staff Complaint,

3   Appeal Log. No. CAL-4-07-00544 at Calipatria State Prison

4   ("Calipatria").[2/]

5        On October 26, 2011, Defendant responded that there were no

6   responsive written reports or statements by Defendant Blake.

7        On January 18, 2012, Plaintiff filed a Motion to Compel

8   Further Responses to the above-noted Requests for Production of

9   Documents. Defendant filed an Opposition to the Motion to Compel

10  stating that he could not provide further responses because there

11  were no documents responsive to Plaintiff's Requests for Production

12  of Documents. Based on Defendant's Opposition, on January 23, 2012,

13  the Court denied Plaintiff's Motion to Compel.

14       On August 10, 2012, the District Judge assigned to this case

15  affirmed in part the Order of January 23, 2012.

16       On August 30, 2012, Defendant informed the Court (via the

17  Declaration of G. Nunez, a Correctional Counselor at Calipatria),

18  that there existed a "Confidential Supplement To Appeal: 'Appeal

19  Inquiry,' dated May 14, 2007 that is responsive to Plaintiff's

20  Requests for Production of Documents. However, since the document

21  was confidential, and producing it to Plaintiff could endanger

22  persons employed at Calipatria, imprisoned at Calipatria, or the

23  prison itself, he could not produce the document to Plaintiff, but

24  could produce it to the Court for *in camera* review.

25

26  _____

27     [1/]The incident to which the Request for Production of Documents refers is
the subject of this lawsuit.

28     [2/]The document production requests were Plaintiff's Requests for Production
of Documents, nos. 1 and 2.

1        On September 24, 2012, the Court ordered that the above-noted

2    document be produced to the Court for *in camera* review. On September

3    25, 2012, Defendant lodged the document with the Court.

4        On October 3, 2012, the Court ordered Defendant to produce to

5    Plaintiff the "Confidential Supplement To Appeal: 'Appeal Inquiry,'

6    dated May 14, 2007 and the Memorandum of T. Armstrong, dated March

7    13, 2007.[3/]

8        On December 20, 2012, Plaintiff filed the Motion for

9    Sanctions that is now before the Court. In the Motion, Plaintiff

10   insisted that Defendant had failed to produce other documents that

11   were responsive to his Requests for Production of Documents that he

12   knew existed, but that Defendant told him and the Court did not

13   exist.

14       On January 7, 2013, Defendant filed an Opposition to

15   Plaintiff's Motion. The Declaration of M. Ormand, *inter alia*, was

16   submitted in support of Defendant's Opposition. Attached to Ormand's

17   Declaration were six documents that were responsive to Plaintiff's

18   Requests for Production of Documents, that had not been previously

19   produced to Plaintiff. The six documents include one two-page

20   document that Plaintiff insisted existed all along, but that

21   Defendant claimed did not exist.

22       At the January 14, 2013 hearing, Defendant's counsel, Susan

23   Coleman, explained that when she receives a Request for Production

24   of Documents, she customarily requests the sought documents from the

25   litigation coordinator at the prison where the incident took place.

26   Also, she provides the Request for Production of Documents to the

27   _____

28       [3/]The Memorandum of T. Armstrong was attached to the "Confidential
Supplement To Appeal: 'Appeal Inquiry,' dated May 14, 2007.

1    litigation coordinator. She stated that she does not personally

2    search for the requested documents at the prison. Rather, she relies

3    on the litigation coordinator to search for and collect the

4    requested documents. Thereafter, the litigation coordinator provides

5    the searched-for, collected documents to her.

6        Also, at the hearing, Gabriela Nunez, the Litigation

7    Coordinator at Calipatria at the time Plaintiff served the Requests

8    for Production of Documents, explained the process she used for

9    obtaining requested documents. From Ms. Nunez' explanation, it

10   became apparent to the Court that either a mistake was made in

11   requesting the documents sought by Plaintiff, or there was a simple

12   lack of diligence in assuring that all documents responsive to

13   Plaintiff's Requests for Production of Documents were either

14   produced to Plaintiff, or to the Court for *in camera* review.

15       Therefore, the Court concludes that Defendant's failure to

16   timely produce all of the documents responsive to Plaintiff's

17   Requests for Production of Documents was not purposeful nor an

18   intentional effort to avoid his discovery obligations nor to gain a

19   tactical advantage over Plaintiff. As a result, Plaintiff's Motion

20   for Sanctions is DENIED.

21       However, the Court has grave concerns that Defendant did not

22   act with due diligence in searching for and producing the documents

23   requested by Plaintiff. Instead, Defendant took a cavalier approach

24   to searching for and producing the requested documents, despite the

25   fact that Plaintiff had represented to Defendant, and to the Court,

26   on several occasions, that certain documents he knew existed, had

27   not been produced to him. In fact, Plaintiff was correct in his

28   assertions. Moreover, the documents he insisted existed would have

1   never been produced to him had he not filed the Motion for Sanc-

2   tions, which apparently caused Defendant to engage in a further

3   search for responsive documents.

4        Defendant and the authorities at Calipatria are warned that

5   the Court expects that they will act with *due diligence* in searching

6   for and producing requested documents. This means that a search must

7   be conducted in all places in which responsive documents may exist.

8   A person who conducts the search for documents must not simply

9   request documents from an office which he/she believes responsive

10  documents exist. Rather, the search must include *all places* where

11  the requested documents may be found. If a question exists as to

12  whether a particular document is responsive to a document production

13  request, it should be referred to the counsel representing the

14  defendant(s) in the case. A decision whether to produce, or not

15  produce, a document should not be made by a litigation coordinator,

16  an appeal administrator, or any other person employed in the

17  correctional institution.

18  IT IS SO ORDERED.

19

20  DATED:  January 16, 2013

21

22                                      _____

23                                      Hon. William V. Gallo
                                         U.S. Magistrate Judge

24

25

26

27

28

11cv0103