UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON, ) | Civil No. 11-0103-LAB(WVG) |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR SANCTIONS |
| v. ) | (DOC. NO. 60) |
| ) | |
| GREGORY BLAKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On December 17, 2012, Plaintiff filed a Motion for Sanctions ("Motion"). On January 7, 2013, Defendant filed an Opposition to the Motion. On January 14, 2013, the Court held a hearing on the Motion. The Court, having reviewed the moving and opposition papers of Plaintiff and Defendant, and having heard oral argument, and GOOD CAUSE APPEARING, HEREBY DENIES Plaintiff's Motion.

On September 23, 2011, Plaintiff served on Defendant a Request for Production of Documents seeking, *inter alia*, all written reports and statements about the incident on March 13, 2007 between

1

11cv0103

8:00 and 9:00 AM[1] made by Defendant Blake and all written reports and statements made by Defendant Blake in regard to Staff Complaint, Appeal Log. No. CAL-4-07-00544 at Calipatria State Prison ("Calipatria").[2]

On October 26, 2011, Defendant responded that there were no responsive written reports or statements by Defendant Blake.

On January 18, 2012, Plaintiff filed a Motion to Compel Further Responses to the above-noted Requests for Production of Documents. Defendant filed an Opposition to the Motion to Compel stating that he could not provide further responses because there were no documents responsive to Plaintiff's Requests for Production of Documents. Based on Defendant's Opposition, on January 23, 2012, the Court denied Plaintiff's Motion to Compel.

On August 10, 2012, the District Judge assigned to this case affirmed in part the Order of January 23, 2012.

On August 30, 2012, Defendant informed the Court (via the Declaration of G. Nunez, a Correctional Counselor at Calipatria), that there existed a "Confidential Supplement To Appeal: 'Appeal Inquiry,' dated May 14, 2007 that is responsive to Plaintiff's Requests for Production of Documents. However, since the document was confidential, and producing it to Plaintiff could endanger persons employed at Calipatria, imprisoned at Calipatria, or the prison itself, he could not produce the document to Plaintiff, but could produce it to the Court for *in camera* review.

---

[1] The incident to which the Request for Production of Documents refers is the subject of this lawsuit.

[2] The document production requests were Plaintiff's Requests for Production of Documents, nos. 1 and 2.

1  On September 24, 2012, the Court ordered that the above-noted document be produced to the Court for *in camera* review. On September 25, 2012, Defendant lodged the document with the Court.

On October 3, 2012, the Court ordered Defendant to produce to Plaintiff the "Confidential Supplement To Appeal: 'Appeal Inquiry,'" dated May 14, 2007 and the Memorandum of T. Armstrong, dated March 13, 2007.[3]

On December 20, 2012, Plaintiff filed the Motion for Sanctions that is now before the Court. In the Motion, Plaintiff insisted that Defendant had failed to produce other documents that were responsive to his Requests for Production of Documents that he knew existed, but that Defendant told him and the Court did not exist.

On January 7, 2013, Defendant filed an Opposition to Plaintiff's Motion. The Declaration of M. Ormand, *inter alia*, was submitted in support of Defendant's Opposition. Attached to Ormand's Declaration were six documents that were responsive to Plaintiff's Requests for Production of Documents, that had not been previously produced to Plaintiff. The six documents include one two-page document that Plaintiff insisted existed all along, but that Defendant claimed did not exist.

At the January 14, 2013 hearing, Defendant's counsel, Susan Coleman, explained that when she receives a Request for Production of Documents, she customarily requests the sought documents from the litigation coordinator at the prison where the incident took place. Also, she provides the Request for Production of Documents to the

---

[3] The Memorandum of T. Armstrong was attached to the "Confidential Supplement To Appeal: 'Appeal Inquiry,'" dated May 14, 2007.

1  litigation coordinator. She stated that she does not personally
2  search for the requested documents at the prison. Rather, she relies
3  on the litigation coordinator to search for and collect the
4  requested documents. Thereafter, the litigation coordinator provides
5  the searched-for, collected documents to her.
6      Also, at the hearing, Gabriela Nunez, the Litigation
7  Coordinator at Calipatria at the time Plaintiff served the Requests
8  for Production of Documents, explained the process she used for
9  obtaining requested documents. From Ms. Nunez' explanation, it
10 became apparent to the Court that either a mistake was made in
11 requesting the documents sought by Plaintiff, or there was a simple
12 lack of diligence in assuring that all documents responsive to
13 Plaintiff's Requests for Production of Documents were either
14 produced to Plaintiff, or to the Court for *in camera* review.
15     Therefore, the Court concludes that Defendant's failure to
16 timely produce all of the documents responsive to Plaintiff's
17 Requests for Production of Documents was not purposeful nor an
18 intentional effort to avoid his discovery obligations nor to gain a
19 tactical advantage over Plaintiff. As a result, Plaintiff's Motion
20 for Sanctions is DENIED.
21     However, the Court has grave concerns that Defendant did not
22 act with due diligence in searching for and producing the documents
23 requested by Plaintiff. Instead, Defendant took a cavalier approach
24 to searching for and producing the requested documents, despite the
25 fact that Plaintiff had represented to Defendant, and to the Court,
26 on several occasions, that certain documents he knew existed, had
27 not been produced to him. In fact, Plaintiff was correct in his
28 assertions. Moreover, the documents he insisted existed would have

1 | never been produced to him had he not filed the Motion for Sanc-
2 | tions, which apparently caused Defendant to engage in a further
3 | search for responsive documents.
4 |       Defendant and the authorities at Calipatria are warned that
5 | the Court expects that they will act with *due diligence* in searching
6 | for and producing requested documents. This means that a search must
7 | be conducted in all places in which responsive documents may exist.
8 | A person who conducts the search for documents must not simply
9 | request documents from an office which he/she believes responsive
10 | documents exist. Rather, the search must include *all places* where
11 | the requested documents may be found. If a question exists as to
12 | whether a particular document is responsive to a document production
13 | request, it should be referred to the counsel representing the
14 | defendant(s) in the case. A decision whether to produce, or not
15 | produce, a document should not be made by a litigation coordinator,
16 | an appeal administrator, or any other person employed in the
17 | correctional institution.
18 | IT IS SO ORDERED.
19 |
20 | DATED: January 16, 2013
21 |
22 |                               _____
23 |                               Hon. William V. Gallo
                              U.S. Magistrate Judge
24 |
25 |
26 |
27 |
28 |