# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>  Plaintiff,<br>vs.<br><br>GREGORY BLAKE, CALIPATRIA STATE PRISON LOCKSMITH; JOHN DOE; JANE DOE,<br><br>  Defendants. | Civil No. 11-103 LAB (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## I.  Introduction

Stevenson alleges that Gregory Blake, a locksmith at Calipatria State Prison, violated his Eighth Amendment rights by welding the door lever for a study cage in the law library while Blake was inside, exposing him to flames and sparks for five to ten minutes and burning his arm, body, and eye. Blake filed a summary judgment motion which was referred to Magistrate Judge Gallo for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Judge Gallo's R&R reaches three conclusions. First, there's a triable question of fact as to what exactly happened in this case. Stevenson's account differs wildly from Blake's, and even if Stevenson's account seems suspect, "[a] judge must not grant summary

judgment based on his determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009). Second, Judge Gallo concluded that even if Stevenson suffered no physical injuries—and there is little evidence that he did—he can still pursue an Eighth Amendment claim, although he cannot recover for psychological injury. And third, Judge Gallo concluded that Blake isn't entitled to qualified immunity. Blake filed an objection to Judge Gallo's R&R challenging only this third conclusion, and so the Court won't review the first two. *See* Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## II. Qualified Immunity

The Court employs the familiar two-part test from *Saucier v. Katz*, 533 U.S. 194 (2001), to determine whether Blake is entitled to qualified immunity. The first question is whether the facts Stevenson alleges constitute a violation of his constitutional rights. If not, the inquiry ends there, but if so, the next question is whether the constitutional right was clearly established in light of the specific context of the case. *See Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011).

Starting with the first question, it's worth repeating Stevenson's allegations. He alleges that Blake welded the door lever for five to ten minutes, with sparks and flames flying, while he was being burned one foot away and while his pleas for Blake to stop were ignored. (R&R at 3.) There's no doubt that this constitutes deliberate indifference to a substantial risk of harm to Stevenson, in violation of his Eighth Amendment rights. *See Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010). Blake's objection to the R&R doesn't attempt to argue otherwise.

That brings the analysis to the second question—whether the constitutional right was clearly established. More specifically, the court asks whether the contours of the right were "'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Here, Blake takes issue with the following conclusion from the R&R:

> Further, it is clearly established that an inmate must be free from cruel and unusual punishment pursuant to the Eighth Amendment. Since the Court has found a question of fact as to whether Plaintiff was free from cruel and unusual punishment, so too is there a question of fact as to whether Blake knew welding on the lock of a holding cage for over five minutes while being asked to stop by the Plaintiff incarcerated in that cage, because the inmate was being burned by sparks, violated clearly established law. Therefore Blake is not entitled to summary judgment as to qualified immunity under the circumstances of this case. (R&R at 16.)

Blake rightfully argues that more analysis is required than merely stating "it is clearly established that an inmate must be free from cruel and unusual punishment pursuant to the Eighth Amendment," and that the question isn't whether he actually knew his welding violated Stevenson's rights.

But if the R&R somewhat jumbles the law, Blake's objection to the R&R gets it flat wrong. He suggests "the Court should decide the following issue: is it clearly established that briefly welding repairs outside of an inmate's cage - while the inmate is still inside - violates that inmate's right to be free from cruel and unusual punishment." (Obj. at 2–3.) The problem with that is that "briefly welding repairs outside of an inmate's cage" is not the constitutional violation Stevenson alleges, but rather *Blake's* one-sided account of what happened. According to Stevenson, the welding went on for five to ten minutes while he was one foot away, suffering burns and asking in vain for Blake to stop. In Judge Gallo's judgment, and that of the Court, an inmate's right to be free of this treatment under the Eighth Amendment *is* clearly established, and Blake isn't entitled to qualified immunity. *See Olivier v. Klee*, 2013 WL 503087 at *2 (N.D. Cal. Feb. 8, 2013) ("If the allegations make out a constitutional violation, the Court must also determine whether *the right alleged to have been violated* is 'clearly established.'") (emphasis added). Blake has no argument to the contrary.

//
//
//
//

### III. Conclusion

The Court **ADOPTS** the R&R, with the modification noted. This case pits Stevenson's story against Blake's, prisoner against locksmith, and it can't be disposed of on summary judgment.

**IT IS SO ORDERED**.

DATED: March 4, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge